Case 4:19-cv-04158   Document 13   Filed on 01/29/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANICE ABRAHAM, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-4158 |
| C/C PHH MORTGAGE SERVICES, *Defendant*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the court on Defendant's Motion to Dismiss and Brief in Support Thereof.[1] Dkt. 7. Plaintiff did not file a timely response.[2] The court recommends that Defendant's Rule 12(b)(6) motion be granted, and this case be dismissed with prejudice because amendment would be futile.

### I.  Background

On July 14, 2005, Plaintiff Janice Abraham executed an Adjustable Rate Note in the amount of $258,500.00 secured by a Deed of Trust on property located at 12814 Coopers Hawk Dr., Houston, Texas, 77004 in favor of Accredited Home Lenders, Inc. Defendant PHH Mortgage Corporation d/b/a PHH Mortgage Services (PHH)[3] is the current loan servicer. Plaintiff defaulted on her obligations under the loan and Defendant recorded its Notice of Substitute Trustee Sale in Harris County on August 29, 2019 scheduling the property for an October 1, 2019 foreclosure sale. Plaintiff filed her Original Petition in state court on October 1, 2019 to stop the foreclosure sale. Plaintiff asserted causes of action for violation of the Texas Constitution and Title XIV of the

---

[1] The District Court has referred this matter to this Magistrate Judge for report and recommendation. Dkt. 9.

[2] Under Local Rules for the Southern District of Texas, the Court may construe Plaintiff's failure to respond as an indication the motion is unopposed. LOC. R. S.D. TEX. 7.4. However, it is not appropriate to grant a motion to dismiss with prejudice based solely on the lack of response, *See Lopez v. VHS San Antonio Partners, LLC*, Civil Action No. 17-CA-151, 2017 WL 10841974, at *1 n.1 (Dec. 19, 2017).

[3] Plaintiff's state court Petition incorrectly names Defendant as C/C PHH Mortgage Services.

Dodd Frank Act. On October 23, 2019, prior to being served with a citation and copy of the Original Petition, Defendant removed the case to federal court on the basis of diversity and federal question jurisdiction. Defendant now moves to dismiss the case in its entirety for failure to state a claim.

## II. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79. Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir.2007).

## III. Analysis

Plaintiff's Original Petition is extremely (and fatally) conclusory and brief. She "bring[s] this suit for the defendant violating the DODD Frank predatory lending practices and the State of Texas constitution loan practices pursuant to Art 50 section IV." Dkt. 1-5 at 2.

### A. Plaintiff's Dodd Frank Act Claim

Plaintiff alleges "Defendant is in violation of the anti-predatory lending under Title XIV of the Dodd Frank [A]ct th[at] prohibits predatory lending practices." Dkt. 1-5 at 3. The Original Petition contains no factual allegations to support this legal conclusion, and the claim is subject to dismissal on this basis alone. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In addition, Plaintiff alleges no basis for the existence of a private right of action under Dodd-Frank. With a few narrow exceptions, the Dodd-Frank Act does not provide for a private right of action by borrowers against lending institutions.[4] *Calhoun v. Stearns Lending, LLC*, Civil Action No. 4: 19-cv-0055, 2019 WL 1232862, at *4 (E.D. Tex. Feb. 1, 2019) (collecting cases), *report and recommendation adopted in part*, 4:19-cv-0055, 2019 WL 1226079 (ED. Tex. Mar. 15, 2019).

Further, Plaintiff cannot state a claim under the Dodd-Frank Act because she executed her loan documents (Dkt. 7-1) almost five years before it was enacted. *See Wilson v. Beneficial Mortg. Co.*, No. 3:16-CV-00217, 2017 WL 489685, at *5 (M.D. Pa. Jan. 18, 2017), *report and recommendation adopted*, No. 3:16-CV-00217, 2017 WL 489413 (M.D. Pa. Feb. 6, 2017) ("Dodd-Frank was not enacted until July 21, 2010, and therefore did not come into effect until over three years after Wilson executed her mortgage."); *In re Fornesa*, No. 12-37238-H3-13, 2016 WL

---

[4] Dodd-Frank amended certain provisions of the Truth in Lending Act and the implementing regulation known as Regulation Z. *Price v. U.S. Bank Nat. Ass'n*, No. 3:13-cv-175, 2014 WL 803722, at *11 (N.D. Tex. Feb. 28, 2014). There is no indication these provisions are applicable here.

2930459, at *2 (Bankr. S.D. Tex. May 13, 2016) (Dodd-Frank provisions do not apply retroactively). Because Plaintiff has not shown she has a private right of action under the Dodd-Frank Act, and because it had not yet been enacted when she executed her loan documents, the Court recommends dismissal of Plaintiff's claim for violation of the Dodd-Frank Act.

### B. Plaintiff's Claim for Violation of the Texas Constitution

Plaintiff alleges "Defendant is in violation of the constitution of the state of Texas by not having a place of business designated to make monthly payments to the mortgage servicer." Dkt. 1-5 at 3. Again, the Original Petition contains no factual allegations to support this legal conclusion, and the claim is subject to dismissal on this basis alone. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Further, the provision of the Texas Constitution Plaintiff claims Defendant has violated, Art. 50, Sec. IV, does not exist. To the extent Plaintiff intended to cite Art. 16, § 50 of the Texas Constitution governing homestead protections, nothing in that article or section requires a lender or servicer to have "a place of business designated to make monthly payments to the mortgage servicer." Therefore, the Court recommends that Defendant's motion to dismiss Plaintiff's claim for violation of Art. 50, Sec. IV of the Texas Constitution be granted.

### IV. Conclusion and Recommendation

Plaintiff's Original Petition fails to state a plausible claim for relief. While a district court should generally allow a plaintiff the opportunity to amend a deficient pleading, it need not do so if amendment would be futile. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) ("a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal."). Amendment would be futile in this case because Plaintiff has no private cause of action under the Dodd Frank Act and has not identified any provision of the Texas Constitution that has been violated. Allowing her the opportunity to

provide additional factual allegations through amendment will not rescue claims that do not exist as a matter of law. Furthermore, Plaintiff failed to respond to Defendant's Motion to Dismiss and has not sought leave to amend. Where a plaintiff presents no facts in response to a motion to dismiss that plausibly state a claim for relief, it is reasonable to conclude that plaintiff has put forth its best case and amendment would be futile. *See Vanskiver v. City of Seabrook, Texas*, Civil Action No. H-17-3365, 2018 WL 560231, at *7 (Jan. 24, 2018) (denying request for leave to amend because plaintiff did not put forth facts that state a claim for relief).

For the reasons discussed above, the court recommends that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 20) be **GRANTED** and this case be **DISMISSED** with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 29, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge